**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JUSTIN E. HARRISON, # 58252-019**                                **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 5:09-cv-44-DCB-MTP**

**BRUCE PEARSON AND HARLEY LAPPIN**                              **RESPONDENTS**

MEMORANDUM OPINION AND ORDER
DISMISSING THE PETITIONER'S COMPLAINT

The Petitioner, an inmate currently incarcerated in the Federal Correctional Complex - Yazoo, filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 on March 26, 2009. In an order [2] entered June 16, 2009, Petitioner was ordered to file a written response, on or before July 2, 2009. The Petitioner was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The Petitioner failed to comply with this order [2].

On July 28, 2009, an order [3] was entered directing the Petitioner to show cause, on or before August 12, 2009, why this case should not be dismissed for his failure to comply with the Court's order [2]. In addition, the Petitioner was directed to comply with the June 16, 2009, order [2], on or before August 12, 2009. The Petitioner was warned in the show cause order [3] that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The Petitioner failed to comply with the show cause order [3].

Petitioner has failed to comply with two Court orders and has not contacted this Court since March 26, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash*

*R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondents have not been called on to respond to the Petitioner's pleading, and the Court has not considered the merits of the Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the  15th   day of September, 2009.

s/David Bramlette
UNITED STATES DISTRICT JUDGE
